IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAVONNE B. SMITH, )
 )
      Plaintiff, )
 )
v. ) 1:08CV198
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
      Defendant. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lavonne B. Smith seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits and Disabled Widow's Insurance Benefits. The Commissioner's decision became final on February 27, 2008, when the Appeals Council found no basis for review of the denial decision of an Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment,[1] and the administrative record has been certified to the Court for review.

---

[1] Plaintiff Smith proceeds *pro se*. The Court construes her handwritten letter filed July 14, 2008, to constitute both a motion for judgment and a brief. *See* Docket No. 12.

### The Claimant

Plaintiff was born on February 17, 1954, and was 50 years of age on her alleged onset date of disability. She has more than a high school education. Plaintiff has past relevant work experience as a quality assurance technician.

### The Administrative Proceedings

Plaintiff filed an application for Disability Insurance Benefits and Disabled Widow's Insurance Benefits on November 8, 2004, alleging disability as of April 12, 2004. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on November 15, 2007, and a decision denying benefits was issued on January 19, 2008. Plaintiff filed a request for review, and on February 27, 2008, the Appeals Council found no basis for review of the ALJ's decision.

The findings of the ALJ relevant to this judicial review include the following:

1. Plaintiff meets the disability insured status requirements of the Social Security Act through December 31, 2010.

2. Plaintiff is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant meets the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

3. The prescribed period ended on March 31, 2002.

4. Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision.

5. Plaintiff has the following severe impairments: diabetes, hypertension, obesity, depression, anxiety disorder and panic attacks.

6. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

7. Plaintiff has the residual functional capacity to perform the full range of light work. She is limited to simple, routine repetitive jobs of a low stress, nonproductive nature, limited interaction which deals essentially with one-on-one person contact or dealing with things rather than crowds or large numbers of co-workers. She is precluded from jobs where production and speed are major factors.

8. Plaintiff is unable to perform any past relevant work.

9-11. Plaintiff was born on February 17, 1954 and was closely approaching advanced age on her alleged onset date. She has at least a high school education and is able to communicate in English. She acquired work skills from her past relevant work.

12. Considering Plaintiff's age, education, work experience and residual functional capacity, she has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

13. Plaintiff has not been under a disability, as defined in the Social Security Act, from April 12, 2004 through January 19, 2008.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. § 404.1520. Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed

-4-

impairment; (4) can return to the claimant's past relevant work; and if not, (5) whether the claimant can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering the claimant's age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff meets the disability insured status requirements of the Social Security Act through December 31, 2010. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision. Proceeding to step two, the ALJ found that Plaintiff suffers from diabetes, hypertension, obesity, depression, anxiety disorder, and panic attacks, impairments that are severe within the meaning of 20 C.F.R. § 404.1520(c)(2007). The ALJ found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ continued his evaluation at step four, finding that Plaintiff has the residual functional capacity to perform a full range of light work, with non-exertional limitations, but that she is not capable of returning to any past relevant work. Concluding his evaluation at step five, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, and upon the basis of the Medical-Vocational

Guidelines and the testimony of a vocational expert, Plaintiff was "not disabled" for purposes of the Social Security Act.

In this action for judicial review, Plaintiff proceeds *pro se*, as she did before the Commissioner. She sets out her arguments in a handwritten letter to the Court. (Docket No. 12.) Therein, she contends that: (1) there are a lot of times when she is housebound by reason of PTSD and anxiety, but she doesn't remember discussing that with the ALJ; (2) Dr. Kenneth J. Detrick, M.D. opined that she was "severely impaired" by reason of her anxiety and other mental health issues; and (3) she has several mental impairments of "listed" severity. The Court will address these contentions in turn.

Plaintiff first contends that the ALJ did not consider all of her limitations and specifically did not evaluate evidence that she is "housebound." Review of the administrative record shows, however, that Plaintiff did not testify that she was housebound, despite being asked by the ALJ "[w]hy do you feel you can't work today?" (Tr. at 350.) She answered that she could be outside but could not handle work stress around people. (*Id*. at 350-51.) In a function report dated November 20, 2004, Plaintiff did say that she didn't "like to go out often," but she also reported that she was able to shop and drive a car and spent time applying for jobs. (*Id*. at 59, 61, 70.) Moreover, even though Plaintiff now says she is essentially housebound, the ALJ specifically found Plaintiff to be less than credible in describing her symptoms. (*Id*. at 19.) That finding is supported by substantial evidence in that Plaintiff was found to have given contradictory evidence on a material point: at her

hearing, she testified that she was fired from her last job because she told her boss the company was putting out poor quality products, yet she had previously reported she was fired in part due to her anxiety condition. (*Id*. at 77, 344.) In sum, there was no legal error in the manner in which the ALJ considered Plaintiff's evidence that she did not "go out often." That particular symptom of her anxiety disorder was one of many evaluated by the ALJ on the basis of all the evidence in the record, and the Court cannot say that there was a failure of substantial evidence to support the ALJ's conclusion that Plaintiff was not "housebound" and was not disabled by reason of this alleged symptom, alone or in combination with others.

It appears that Plaintiff's primary contention is that the ALJ improperly discounted the report of Dr. Detrick, a physician who conducted a consultative examination of Plaintiff and found that she was "severely impaired" by reason of her anxiety and other mental health issues. Within the confines of the administrative record, however, the ALJ had before him a range of evidence with regard to the severity of Plaintiff's mental health conditions. Two separate psychiatric reports by state agency reviewing physicians were to the effect that, while Plaintiff suffered from restrictions caused by affective disorders, anxiety-related disorders, and her history of depression, her functional limitations in daily living, social functioning, and concentration and pace were only moderate, not marked. (*Id*. at 110-23, 142-59.) These physicians found that Plaintiff could be expected to perform simple and repetitive work tasks. (*Id*. at 158.)

Treatment notes from physicians and mental health clinics show that Plaintiff complained of depression in 1997, and was re-started on medication after a period of abstaining from medication. (*Id*. at 160.) In 1998, her depression was reported to be uncontrolled, but by February 1999, Plaintiff reported that her depression and anxiety had improved with medication. (*Id*. at 168.) In June of 2000, Plaintiff complained of anxiety and she was given a refill of her medication. (*Id*. at 173-74.) From 2001 through 2003, Plaintiff seldom complained of depression to her physicians despite several doctor visits. (*Id*. at 184-224, 232.)

Plaintiff began to complain of panic attacks in September 2004 and had several visits with a therapist. (*Id*. at 231.) She was twice found to have a Global Assessment of Functioning score of 52 (denoting moderate, not serious, symptoms and moderate difficulty in social or occupational functioning). (*Id*. at 277, 300.) Plaintiff underwent a consultative examination in May of 2005 with Dr. Detrick. Plaintiff reported to the consultant that she could perform self-care, do chores, take care of her granddaughter, visit with friends occasionally, and get along reasonably well with others both socially and at work, except around strangers. (*Id*. at 281.) Dr. Detrick, at the conclusion of his report, opined that, as a result of her mental conditions, Plaintiff's ability to relate to others and tolerate work stressors would be severely impaired, but her ability to perform simple repetitive tasks would be only mildly impaired. (*Id*. at 283.) Plaintiff began seeking mental health treatment at that time. (*Id*. at 294.) Notes show that she improved with treatment. (*Id*. at 297-301.) She

reported her depression worse in July 2006, but was doing much better by September 2006 and continued to do well after that time. (*Id.* at 307, 309, 315, 317.)

It is the function of the ALJ, not this Court, to weigh conflicting evidence and to determine credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Here, it is clear that there is considerable conflicting evidence, all of which is probative, concerning the severity of Plaintiff's anxiety disorder and related mental conditions. There is substantial evidence that her condition has alleviated by medications over long periods of time. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)(symptom that is reasonably controlled by medication or treatment is not disabling). Furthermore, she was able to work full-time during a significant period even when her condition was said to be uncontrolled. In all, the Court cannot find that the ALJ improperly discounted the opinion of the consultative physician. The physician's opinion included a statement that Plaintiff's prognosis was fair with proper medication. He found that she could be expected to do simple, repetitive work tasks. He also believed that her ability to relate to others and to tolerate work stressors would be "severely" impaired, despite Plaintiff's report that she got along reasonably well with others, except strangers, socially and at work. Nonetheless, other medical sources found only "moderate" impairment as a result of her mental conditions. Treatment notes showed a GAF score for Plaintiff that indicated moderate, not serious, impairment of social and occupational functioning. While Plaintiff reported severe symptoms, the ALJ found her to be less than fully credible in this regard. In all, the Court

cannot say that the ALJ's findings and conclusions on the issue of disability were not supported by substantial evidence.

In her final argument, Plaintiff contends that the ALJ erred in failing to find that her depression and anxiety are disabling on the basis of objective medical findings alone. She maintains that the evidence shows, without substantial contradiction, that her mental conditions are so severe as to meet Listings 12.02, 12.03, 12.04, and 12.06.

The burden is on the plaintiff to show that an impairment is so severe as to meet one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *S.R. ex rel. R.R. v. Barnhart*, 371 F. Supp. 2d 796, 799 (W.D.Va. 2005). In her letter-brief to the Court, Plaintiff cites no evidence; she merely outlines the listings she believes she meets. However, review of the administrative record shows that no treating or examining physician reported that Plaintiff had objective findings consistent with the requirements of any listed impairment. The state agency medical consultants specifically stated that Plaintiff's impairments did not meet any Listing. (Tr. at 122, 152-53.) The opinions of these physicians are competent evidence and must be considered by the ALJ unless they are unsupported by evidence in the record. *See* 20 C.F.R. 404.1527(f). The ALJ specifically considered Listings 12.04 and 12.06, dealing with affective disorders and anxiety-related disorders, but found on the basis of competent evidence cited above that Plaintiff could not meet these listings because she did not have at least two "marked" limitations, or one marked limitation with repeated episodes of decompensation, prerequisites of the "B" criteria of

-10-

section 12.00 of the Listings.[2] (Tr. at 17.) Plaintiff mentions Listing 12.03 in her letter-brief, but that listing deals with schizophrenia, paranoia and other psychotic disorders, conditions that are not mentioned in any of the medical evidence regarding the Plaintiff.

Conclusion

The Court has reviewed the assignments of error raised by Plaintiff in her letter-brief. Finding no error of law or failure of substantial evidence in the ALJ's decision, the Court finds and concludes that the Commissioner's denial decision should be affirmed. **IT IS RECOMMENDED** that Plaintiff's motion for judgment (Docket No. 12) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 14) be granted, that the Commissioner's decision be affirmed, and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 12, 2009

---

[2] Where, as in this case, a claimant cannot show that Paragraph "C" criteria have been met, Paragraph "B" criteria must be met in order for a claimant to show a listed impairment.